UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAURICE COTTON,

                        Petitioner,

                        v.

HAROLD GRAHAM,

                        Respondent.

**Hon. Hugh B. Scott**

**17CV650V**

**Report
&
Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 13). The self-represented petitioner has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. §2254 challenging his state court conviction (Docket No. 1, Pet.). Petitioner asserts the following grounds in support of his Petition: ineffective assistance of trial counsel in not presenting an alibi defense and in failing to produce an expert witness. Respondent duly filed the State Court Record (State Court Record, received on February 27, 2018, hereinafter "SCR") and his responding Memorandum (Docket No. 9). Petitioner replied (Docket No. 10). This matter thus is fully briefed.

## BACKGROUND

Petitioner was charged with the attempted murder of his great uncle, Boyd Lee Dunlop, although petitioner contends that he was not related to Dunlop (see SCR, Ex. B, Def. Supp'al. Pro Se Brief at 3). On April 26, 2006, Dunlop left home to go to a court appearance. When he stepped off the curb at Woodlawn going toward the corner of Main Street in Buffalo (SCR, 2d Trial Tr. May 4, 2010, at 192), Dunlop heard the screeching of tires of a passing car (id.). The car slowed down and pulled within a few feet of Dunlop. As the car passed, Dunlop made eye

contact with petitioner.  Petitioner reached over the top of the car, shouted at Dunlop, and fired a single shot into Dunlop's chest.  (Docket No. 9, Resp't Br. at 3-4, citing 2d Trial Tr. of May 4, 2010, at 215-21, 191-93, 235, 242.)  Buffalo police officer Greg Kiawtkowski responded to the shooting, asking Dunlop at the scene who was the shooter.  Dunlop identified petitioner as the shooter.  (Id. at 4, citing 2d Trial Tr. of May 4, 2010, at 195-96, 276-78).

Petitioner initially appeared pro se in the first trial, giving an opening statement (SCR, 1st Trial Tr. June 1, 2007, at 243).  Petitioner then raised an alibi defense that he was not at the scene of the victim's shooting (id. at 244), calling witnesses to confirm that petitioner was on a bus near the Buffalo, New York, city line.  He then was convicted on February 4, 2008, of one count of attempted murder in the second degree, N.Y. Penal L. § 110.00, and assault in the first degree, N.Y. Penal L. § 125.25(1).  Following a jury trial, petitioner was sentenced to 25 years imprisonment.  This conviction was reversed on appeal by the New York State Supreme Court, Appellate Division, on November 13, 2009, People v. Cotton, 67 A.D.3d 1450, 888 N.Y.S.2d 816 (4th Dep't 2009), on the trial court's error in denying petitioner a cause challenge to one of the jurors, 67 A.D.3d at 1451, 888 N.Y.S.2d at 816.

*Retrial*

In proceedings leading to the retrial, petitioner, now represented by assigned counsel (see SCR, Ex. B, Def. Supp'al Pro Se Brief, at 3), withdrew his alibi defense (SCR, Ex. A, A13-19, Jan. 7, 2010, Notice of Withdrawal of Notice of Intent to Offer Alibi Evidence; State Court Record, Ex. B, Brief of Def.-Appellant at 3; see also SCR, 2d Trial Tr. May 3, 2010, at 15-17) after petitioner testified before the Grand Jury and raised an alibi defense although he could not provide to the Grand Jury the names of alibi witnesses (SCR, Ex. B, Def. Supp'al Pro Se Brief, at 3).  Defense counsel argued just prior to jury selection that the alibi defense was withdrawn to

avoid petitioner testifying at trial and having the first trial introduced against him (SCR, 2d Trial Tr. May 3, 2010, at 16). Defense counsel made an opening statement, arguing that the police failed to investigate this incident and that the chief issue was Dunlop's credibility (SCR, 2d Trial Tr. at May 4, 2010, at 188). On his subsequent appeal, petitioner reasserted that he was on a bus at the outskirts of the city when the victim allegedly was attacked and naming witnesses that confirm petitioner's location on the bus (id. at 4-5, 6, 7, 12). Petitioner then argued that the alibi witnesses were not presented either to the Grand Jury or at trial (id. at 5) and at trial petitioner demanded that counsel call alibi witnesses but he did not (id. at 7).

Petitioner was retried and convicted and again sentenced to 25 years imprisonment. Petitioner appealed again and that conviction was affirmed, People v. Cotton, 120 A.D.3d 1564, 993 N.Y.S. 2d 225 (4th Dep't 2014). In this appeal, petitioner argued (pro se in supplemental briefing) that his counsel was ineffective (id. at 23-25 (ineffective for failing to raise alibi defense before Grand Jury), 15 (ineffective in not including alibi defense in the Grand Jury instructions)). Petitioner's arguments were objections to counsel's conduct before the Grand Jury (id. at 15, 23-25). The Fourth Department held that petitioner failed to "'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct," 120 A.D.3d at 1566, 993 N.Y.S.2d at 227 (citation omitted). Petitioner on appeal did not raise counsel's conduct during trial (such as the failure to call alibi witnesses or to introduce expert testimony).

*Habeas Contentions*

Petitioner now argues that he received ineffective assistance from new trial counsel because that attorney failed to introduce an alibi defense, that petitioner was waiting for or on a bus at the time the shooting and was not at the scene of the crime. Dunlop was assaulted around

3

1:45 pm on April 26, 2006, and petitioner claims that between 1:30 and 2:15 pm that day he was either catching a bus or on the bus outside of the city. Petitioner claims that he has witnesses that were not called by counsel that would have supported this alibi. (Docket No. 1, Pet. at page 7 of 8.)

He also claims ineffectiveness from retrial counsel's failure to call a bullet trajectory expert to testify to refute the contention that he shot Dunlop. He argues that there is insufficient evidence given the available scientific evidence that would prove that he did not commit the crime (id.). Petitioner argues that the shot went into Dunlop's lower torso requiring the bullet to travel downward from a shooter standing on the running board of Dunlop's vehicle (id. at 8). But the resting place for the bullet in a brick wall behind Dunlop seven feet above the ground shows that the bullet was discharged from a lower position (id.). Petitioner concludes that his counsel erred in not calling a bullet trajectory expert to testify; he asked counsel to do so and counsel refused (id.).

As for the effectiveness of counsel, respondent contends that the strategic choice in calling or not calling alibi witnesses is "virtually unchallengeable," Pina v. Maloney, 565 F.3d 48, 55 (1st Cir. 2009), under Strickland v. Washington, 466 U.S. 668, 688-94 (1984) (Docket No. 9, Resp't Memo. at 5). Respondent argues that the alibi defense failed at petitioner's first trial, thus petitioner's second counsel provided effective assistance in not attempting to assert that defense during the retrial (id. at 6). In the People's reply brief to petitioner's pro se supplemental brief to the Fourth Department, Respondent argued that "counsel's decision to withdraw the notice of alibi was a reasonable strategy. The alibi defense was unsuccessful at defendant's first trial, so counsel tried a different approach" (SCR, Resp't Reply to Pro Se Supp'al Br. at 15), concluding that "opting to abandon a futile alibi defense does not constitute

ineffective assistance" (id.). As for calling a ballistics expert, respondent counters that such an expert would not have helped petitioner's defense (id.). Respondent contends that petitioner is also challenging the legal sufficiency of the evidence, namely his identity as the shooter (id. at 7; cf. Docket No. 1, Pet'r Memo. of Law at 7 of 8). After noting that the Fourth Department found this argument was not preserved for its appellate review (Docket No. 9, Resp't Memo. at 7), Cotton, supra, 120 A.D.3d 1565, 993 N.Y.S.2d at 226, respondent argues that this failure is an adequate and independent state law ground for denying habeas relief (id.). Alternatively, respondent argues that Dunlop knew petitioner, his great nephew, saw him in broad daylight at close range, and identified him as the shooter immediately after the shooting (id.). Respondent concludes that a rational trier of fact could have found the essential elements of the crime beyond reasonable doubt (id. at 7-8).

Petitioner replies that the first trial was biased thus should not have been relied upon for the decision to not make an alibi defense on retrial (Docket No. 10, Pet'r Reply Memo. at 1-2, citing Cotton, supra, 67 A.D.3d 1450, 888 N.Y.S.2d 816). In reply, petitioner now argues that retrial counsel was ineffective for failing to move for dismissal of charges to preserve issues (id. at 3). Petitioner also contends that retrial counsel breached his duty to defend when he fails to introduce the alibi defense (id., citing Maryland v. Kulbichi, 577 U.S. ___, 136 S.Ct. 2 (2015) (per curiam)).

## DISCUSSION

I.  Habeas Standards

    A.  Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert.

denied, 479 U.S. 805 (1986); see also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct."

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp.2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, C.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989). As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp.2d at 211. The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review. Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection. Reid, supra, 961 F.2d at 377. Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner can demonstrate both cause for the procedural default and actual prejudice attributable thereto. Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986). "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). These principles have been applied even where a defendant represents himself at trial, Reed v. Farley, 512 U.S. 339 (1994).

B.   Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. §2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly

presented" to the state courts.¹  See Ayala v. Speckard, 89 F.3d 91 (2d Cir. 1996) citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir.1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).  To meet this requirement, the petitioner must have raised the question in a state court challenge to his conviction and put the state appellate court on notice that a federal constitutional claim was at issue.  See Grady v. Le Fevre, 846 F.2d 862, 864 (2d Cir.1988); Petrucelli v. Coombe, 735 F.2d 684, 688-89 (2d Cir.1984).

    C.    Ineffective Assistance of Counsel

The Supreme Court held, in Strickland v. Washington, supra, 466 U.S. 668 (1984), that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must satisfy a two-part test that:  1) counsel's representation fell below an objective standard of reasonableness; and 2) a showing of prejudice by the reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, id. at 687-88, 694.  This prejudice prong, when the objectionable representation is the failure to advise the defendant of a potential defense, is resolved "largely on whether the affirmative defense likely would have succeeded at trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985), see id. at 60 (holding that petitioner's allegations were insufficient to satisfy Strickland prejudice requirement).  Prejudice need not be reached if a

---

¹Although §2254(b)(2) provides the Court with discretion to deny (but not to grant) an application for a writ of habeas corpus on the merits notwithstanding the failure of the applicant to exhaust state court remedies, based upon the circumstances presented in this case the Court believes that it is more appropriate to dismiss the petition to allow for further state court proceedings to ensure that any federal habeas corpus petition be determined upon a complete record.

petitioner is unable to demonstrate that counsel's performance was inadequate, Williams v. Herbert, 435 F. Supp. 2d 199, 205 (W.D.N.Y. 2006) (Bianchini, Mag. J.) (citing and quoting Strickland, supra, 466 U.S. at 697, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

Habeas review of state court applications of Strickland, coupled with 28 U.S.C. § 2254(d), "are both highly deferential" to the state courts, Harrington v. Richter, 562 U.S. 86, 105 (2011), with the Supreme Court repeatedly holding that, coupled with AEDPA, this review is doubly deferential, Woods v. Etherton, 578 U.S. \_\_\_, 136 S.Ct. 1149, 1151 (2016) (per curiam); Cullen v. Pinholster, 563 U.S. 170, 190 (2011); Burt v. Titlow, 571 U.S. 12, 22 (2013), affording both the state court and defense counsel the benefit of the doubt, Burt, supra, 571 U.S. at 15; Cullen, supra, 563 U.S. at 190. "The burden to 'show that counsel's performance was deficient' rests squarely on the defendant," Burt, supra, 571 U.S. at 22-23, quoting Strickland, supra, 466 U.S. at 687.

II. Application

    A. Exhaustion

As respondent contends (Docket No. 9, Resp't Memo. at 7), petitioner did not preserve the identification issue in state appellate review. It appears plain from the face of the Petition and record in this matter that the petitioner has not exhausted his state court remedies as to that claim. Therefore, petitioner's arguments surrounding Dunlop's identification **were not exhausted and thus the Habeas Petition as to those arguments should be denied**. Accordingly, this Court recommends that so much of the Petition (Docket No. 1) be

petitioner is unable to demonstrate that counsel's performance was inadequate, Williams v. Herbert, 435 F. Supp. 2d 199, 205 (W.D.N.Y. 2006) (Bianchini, Mag. J.) (citing and quoting Strickland, supra, 466 U.S. at 697, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

Habeas review of state court applications of Strickland, coupled with 28 U.S.C. § 2254(d), "are both highly deferential" to the state courts, Harrington v. Richter, 562 U.S. 86, 105 (2011), with the Supreme Court repeatedly holding that, coupled with AEDPA, this review is doubly deferential, Woods v. Etherton, 578 U.S. ___, 136 S.Ct. 1149, 1151 (2016) (per curiam); Cullen v. Pinholster, 563 U.S. 170, 190 (2011); Burt v. Titlow, 571 U.S. 12, 22 (2013), affording both the state court and defense counsel the benefit of the doubt, Burt, supra, 571 U.S. at 15; Cullen, supra, 563 U.S. at 190. "The burden to 'show that counsel's performance was deficient' rests squarely on the defendant," Burt, supra, 571 U.S. at 22-23, quoting Strickland, supra, 466 U.S. at 687.

II. Application

    A. Exhaustion

As respondent contends (Docket No. 9, Resp't Memo. at 7), petitioner did not preserve the identification issue in state appellate review. It appears plain from the face of the Petition and record in this matter that the petitioner has not exhausted his state court remedies as to that claim. Therefore, petitioner's arguments surrounding Dunlop's identification **were not exhausted and thus the Habeas Petition as to those arguments should be denied**. Accordingly, this Court recommends that so much of the Petition (Docket No. 1) be

**DISMISSED** based upon the petitioner's failure to exhaust his state court remedies as to identification claims.

Petitioner also never appealed the trial conduct of counsel. He argued to the Fourth Department counsel's ineffective assistance before the Grand Jury while hinting that this ineffectiveness continued through trial without expressly asserting a distinct claim about what should have occurred in the trial. Given the pervasiveness of petitioner's arguments about trial counsel regarding the alibi defense and the sufficiency of evidence (especially regarding bullet trajectory), this Court next addresses whether counsel was ineffective at trial on these two points.

> B.   Ineffective Assistance of Counsel

Petitioner contends that his retrial counsel was ineffective in two areas, not asserting an alibi defense and calling alibi witnesses and in not calling a ballistics or bullet trajectory expert.

Strategic decisions made by defense counsel during a trial "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," Williams, supra, 435 F. Supp. 2d at 205 (quoting Strickland, supra, 466 U.S. at 689-90). The decision of counsel to call a witness or not "is a part of trial strategy, and therefore courts will generally not question the attorney's decision," id. (citations omitted).

> 1.   Alibi Defense

Under the objective prong of Strickland, the issue is whether an unraised affirmative defense of petitioner's alibi "likely would have succeeded at trial," Hill, supra, 474 U.S. at 59, 60. As this Court recognized inn Mosley v. Unger, No. 10CV478, 2011 U.S. Dist. LEXIS 152693, at *12 (W.D.N.Y. Aug. 12, 2011) (Scott, Mag. J.) (Report & Rec.), adopted, 2012 U.S. Dist. LEXIS 11586 (W.D.N.Y. Jan. 31, 2012) (Arcara, J.), "an attorney is given wide latitude in his or her trial strategy," citing Strickland, supra, 466 U.S. at 689, "including the calling of

witnesses," Mosley, supra, 2011 U.S. Dist. LEXIS 152693, at *12; Greiner v. Wells, 417 F.3d 305, 323 (2d Cir. 2007). When called to analyze an attorney's trial strategy "for instances of ineffective assistance, an attorney enjoys 'a strong presumption that [his or her] conduct falls within the wide range of reasonable professional assistance,'" Mosley, supra, 2011 U.S. Dist. LEXIS 152693, at *12, quoting Strickland, supra, 466 U.S. at 689. The attorney's decisions whether to call witnesses are typically decisions of trial strategy "that reviewing courts are ill-suited to second-guess," Wells, supra, 417 F.3d at 323; Mosley, supra, 2011 U.S. Dist. LEXIS 152693, at *13. In Mosley, this Court held that the decision there not to call an alibi witness was either unnecessary or counterproductive given the overall trial strategy, 2011 U.S. Dist. LEXIS 152693, at *16.

Petitioner argues that retrial counsel (and presumably this Court) should not base the decision not to call alibi witnesses upon the events of the first trial, where alibi witnesses presumably were called, because that first jury was biased (Docket No. Pet'r Reply Memo. at 1-2). The Fourth Department reversed the first conviction merely on the ground that a challenge for cause for a prospective juror should have been granted, Cotton, supra, 67 A.D.3d at 1451, 888 N.Y.S.2d at 816. Petitioner has not shown that the lack of impartiality that should have excused that juror had any impact on the alibi defense presented during that first trial.

Here, assigned counsel formally waived the intention to introduce an alibi defense (including the calling of alibi witnesses). Petitioner asserted the alibi defense at the first trial, and it proved unsuccessful. Defense counsel could decide that a different strategy (such as focusing exclusively on Dunlop's credibility) was in order. Defense counsel at the retrial argued that raising an alibi defense then would subject petitioner to prosecution questioning if he chose to testify, by using his Grand Jury testimony (also invoking the alibi) against him (SCR, 2d Trial

Tr. May 3, 2010, at 15-17). Thus, defense counsel had a strategic reason, avoiding self-incrimination or opening the door in cross-examination if petitioner took the stand, in not asserting the alibi defense or calling the alibi witnesses. Ultimately, petitioner did not testify at trial, but defense counsel acted properly in preserving petitioner's rights in waiving the alibi defense. Counsel's opening argument raised Dunlop's credibility as an area for the jury's consideration (SCR, 2d Trial Tr. of May 4, 2010, at 188) rather than where petitioner was on the afternoon of April 26, 2006. Petitioner has not claimed that counsel failed to advise him of this waiver or entered that waiver against his wishes. Furthermore, the strategic decision such as whether to call alibi witnesses are unassailable, see Pina, supra, 565 F.3d at 55 (Docket No. 9, Resp't Memo. at 5); see also Newton v. Burge, 436 F. Supp. 2d 589, 596-97 (W.D.N.Y. 2006) (Bianchini, Mag. J.) (not habeas court's province to second guess reasonable tactical decisions made by trial counsel), because counsel is in the best position to apply his professional skill to assess whether such witnesses or that defense would have succeeded. The decision to call witnesses (or not to do so) is a tactical decision that "falls squarely within the ambit of trial strategy," United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987); Newton, supra, 436 F. Supp. 2d at 596-97 and, if reasonably made, such decisions do not constitute ineffective assistance of counsel, Nersesian, supra, 824 F.2d at 1321; Newton, supra, 436 F. Supp. 2d at 597. The new counsel here weighed petitioner's rights against self-incrimination if he testified and the alibi defense was reintroduced against preservation of rights but without the defense. Counsel heard petitioner's Grand Jury testimony (note, not presented in this record) where neither counsel nor petitioner could name one of the alibi witnesses for the Grand Jury. Counsel thus made the strategic calculation of foregoing the alibi defense rather than exposing petitioner to cross-examination that would be opened by asserting that defense.

Petitioner argues that failure to assert an alibi defense is a breach of the defense attorney's duty to defend (Docket No. 10, Pet'r Reply Memo. at 4, citing Kulbichi, supra, 136 S.Ct. 2). The Supreme Court's decision in Kulbichi, however, does not support petitioner's contention. In that case, the defendant argued that a ballistic test had fallen out of favor with courts and the scientific community, but his counsel erred in not objecting to introduction of that test. The Supreme Court reversed the Maryland Court of Appeals holding that the trial counsel there was constitutionally ineffective, 136 S.Ct. at 3 ("summarily reverse" the Maryland court).

Affording counsel and the state courts the benefit of the doubt as is required in federal habeas proceedings, see Woods, supra, 136 S.Ct. at 1151, the Petition (Docket No. 1) should be **denied** on this ground.

### 2. Failure to Call a Ballistics Expert

A lawyer's choice whether to call expert witnesses also is a strategic choice that cannot be challenged on habeas review, see also Mosley, supra, 2011 U.S. Dist. LEXIS 152693, at *2; Wells, supra, 417 F.3d at 323. As with calling lay witnesses, an attorney's strategic decision in deciding to call expert witnesses is part of trial strategy not open to second-guessing by this Court on habeas review. "Where an expert would only marginally assist the jury in its role as fact finder, an attorney's decision not to call an expert is more likely to fall within the bounds of reasonable performance and less likely to prejudice the defendant," Williams, supra, 435 F. Supp. 2d at 206 (citations omitted); Humphrey v. Fisher, No. 9:07-CV-1200, 2010 U.S. Dist. LEXIS 143702, at *16-18 (N.D.N.Y. July 23, 2010) (Homer, Mag. J.). In Humphrey, the court held that expert testimony was unnecessary where defense counsel during cross examination to elicit the same conclusion that an expert might have reached, id. at *17-18.

13

As respondent notes (Docket No. 9, Resp't Memo. at 6), new counsel argued the discrepancy between the trajectory of the bullet entering Dunlop and its lodging in the brick wall seven feet above the ground.  Expert ballistic testimony would be cumulative to what defense counsel elicited from Dunlop during the cross-examination.  The prosecution did not introduce expert testimony that defense counsel needed to refute with their own expert, but cf. Burch v. Millas, 663 F. Supp. 2d 151, 184, 191-92 (W.D.N.Y. 2009) (Bianchini, Mag. J.) (issue with failure of defense counsel in not cross examining People's medical expert or consulting with defense expert, in child sex abuse case).  Petition on this claim should be **denied** on this ground as well.

## CONCLUSION

For the reasons stated above, the Petition for Habeas Corpus (Docket No. 1) should be **DISMISSED**.

A copy of this Report and Recommendation was sent by Chambers to petitioner at his current facility.


Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 USC §636(b)(1), Fed. R. Civ. P. 72(b) and WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
　　　　February 21, 2020