UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAURICE COTTON,

       Petitioner,

  v.                                             17-CV-650-LJV-HBS
                                                  DECISION & ORDER
HAROLD GRAHAM, Superintendent
Green Haven Correctional Facility,

       Respondent.

On June 22, 2016, the *pro se* petitioner, Maurice Cotton, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging (1) that his counsel was ineffective in failing to raise an alibi defense and call alibi witnesses, as well as in failing to elicit testimony from a ballistics-trajectory expert, and (2) in light of his counsel's failure to elicit the expert testimony, that his conviction is not supported by sufficient evidence. Docket Item 1.

After the case was transferred to this Court from the United States District Court for the Northern District of New York, *see* Docket Item 3, the respondent, Harold Graham, filed a response, Docket Items 8, 9. On March 29, 2018, Cotton replied. Docket Item 10.

On October 17, 2019, the case was referred to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 13. On February 21, 2020, Judge Scott issued a Report and Recommendation ("R&R"), finding that the petition should be dismissed because Cotton did not exhaust

his claims and, in the alternative, because Cotton's counsel was not ineffective. Docket Item 14.

On March 9, 2020, Cotton objected to the R&R. Docket Item 15. On March 16, 2020, Cotton moved to amend his objection, Docket Item 17, and this Court granted that motion, Docket Item 18. Cotton objects to the R&R on the grounds that (1) he raised the conduct of trial counsel on appeal and therefore exhausted his ineffective-assistance-of-counsel claims, and (2) his trial counsel was, in fact, ineffective in failing to present an alibi defense and a ballistics-trajectory expert. Docket Item 17. On April 13, 2020, Graham responded to the amended objection, Docket Item 19, and on April 27, 2020, Cotton replied, Docket Item 20.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Scott. Based on that *de novo* review, the Court accepts Judge Scott's recommendation in part and denies Cotton's habeas corpus petition.[1]

---

[1] The Court assumes the reader's familiarity with the facts alleged in the petition, *see* Docket Item 1, and Judge Scott's analysis in the R&R, *see* Docket Item 14.

## **DISCUSSION**

I.   **EXHAUSTION**

    **A. INSUFFICIENT-EVIDENCE CLAIM**

A state prisoner generally may obtain federal habeas relief only after exhausting his claims in state court. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Ordinarily, if "one or more of [a petitioner's] claims has not been fully exhausted, . . . the district court must either" (a) dismiss the petition entirely and "send [the petitioner] back to state court," or (b) "afford [the petitioner] the opportunity to abandon his unexhausted claims and proceed only with his exhausted claims." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), as amended (June 26, 2001), as amended (Aug. 17, 2001) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

When a federal habeas petition includes a claim that is procedurally barred—that is, "an unexhausted claim, for which no further state review (direct or collateral) is available"—as well as other claims, dismissal of the entire petition is not warranted. *Bacchi v. Senkowski*, 884 F. Supp. 724, 731 (E.D.N.Y. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 263 n.9) (1989)); *see also Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). In that case, a federal court is precluded from reviewing only those claims about which a state court "'clearly and expressly' states that its judgment rests on a state procedural bar," *Harris*, 489 U.S. at 263, and for which a petitioner has not demonstrated "cause for the default and prejudice resulting therefrom," *Gonzalez v. Sullivan*, 934 F.2d 419, 421 (1991).

A petitioner can show cause for the default by demonstrating that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule, . . . the factual or legal basis for a claim was not reasonably available to counsel, or . . . 'some interference by officials[ ]' made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal citations omitted). Ineffective assistance of counsel also may be adequate cause for a procedural default. *Id.* at 489.

Here, the New York State Supreme Court, Appellate Division, Fourth Department, "clearly and expressly," *see Harris*, 489 U.S. at 263, found that Cotton failed to preserve his insufficient-evidence claim for appellate review. *People v. Cotton*, 120 A.D.3d 1564, 1565, 993 N.Y.S.2d 225, 227 (4th Dep't 2014) ("In his pro se supplemental brief, defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to renew his motion for a trial order of dismissal after presenting evidence, and thus failed to preserve his sufficiency challenge for our review.").

Cotton has not demonstrated cause or prejudice that would excuse his default. Indeed, Cotton does not point to anything specific that would constitute cause or prejudice. *See Murray*, 477 U.S. at 488-89. This Court therefore agrees with Judge Scott that Cotton's insufficient-evidence claim is procedurally barred. *See Bacchi*, 884 F. Supp. at 731. And even if it were not—even if ineffective assistance of counsel might excuse the procedural bar—this Court would agree with the Fourth Department that "the evidence in the light most favorable to the People . . . is legally sufficient to support the conviction of the crimes charged." *Cotton*, 120 A.D.3d at 1565, 993 N.Y.S.2d at 226.

4

As Graham observes, the victim was Cotton's great uncle, who "knew [Cotton] . . . well, saw him in broad daylight at close range, and identified him as the shooter in the immediate aftermath of the shooting" and again at trial.  Docket Item 9 at 5-6, 9; *see also* Docket Item 8 at Ex. A (Trial Tr., May 4, 2010, at 196-98, 235, 273-74, 276-78).  That alone was sufficient to support the conviction.

### B.  INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS

In order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  One can exhaust claims either through direct appeal or a collateral proceeding, *see, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), but a petitioner has exhausted state court remedies only for those claims that have been "fairly presented" to the state courts, *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Smith v. Duncan*, 411 F.3d 340, 349 (2d Cir. 2005).

A petitioner "fairly present[s]" a claim to state courts by "inform[ing] the state courts of both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (citing *Picard*, 404 U.S. at 276-77).  The petitioner must have "set forth in state court all of the essential factual allegations in his federal petition," and "must have placed before the state court essentially the same legal doctrine he asserts in his federal petition."  *Id.* at 191-92.

A petitioner need not cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, so long as the state court was "alerted to the constitutional nature of [the petitioner's] claim," *Daye*, 696 F.2d at 192.  This requirement is satisfied when the

5

"legal basis of the [state court] claim . . . was the 'substantial equivalent' of that of the habeas claim," or if the petitioner "relie[d] on federal constitutional precedents" or "claimed the deprivation of a particular right specifically protected by the Constitution." *Id.* at 192-93. And a *pro se* supplemental brief, "when properly submitted to the state court, puts that court on notice of the constitutional claims addressed in that brief." *Reid v. Senkowski*, 961 F.2d 374, 376 (2d Cir. 1992) (citing *Abdurrahman v. Henderson*, 8897 F.2d 71, 73 (2d Cir. 1990)).

Although Judge Scott found that Cotton had not exhausted his ineffective-assistance-of-counsel claims, this Court respectfully disagrees with that conclusion. Cotton's supplemental brief submitted *pro se* to the Fourth Department argued that Cotton's counsel on retrial was ineffective in failing to raise an alibi defense, call alibi witnesses, and present a ballistics-trajectory expert. Docket Item 1-2 at 29-30. The Fourth Department unanimously rejected Cotton's ineffective-assistance-of-counsel claims because Cotton "failed to 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct.'" *Cotton*, 120 A.D.3d at 1566, 993 N.Y.S.2d at 227. And the New York Court of Appeals denied Cotton's request for leave to appeal. *People v. Cotton*, 56 N.E.3d 905, 27 N.Y.3d 963 (2016). Therefore, Cotton exhausted those claims. But that is of no moment because, for the reasons that follow, Cotton's claims are not viable.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

To be entitled to relief based on the ineffective assistance of counsel, a petitioner must "(1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms'; and (2) 'affirmatively prove

prejudice' arising from counsel's allegedly deficient representation." *United States v. Cohen,* 427 F.3d 164, 167 (2d Cir. 2005) (citations omitted) (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)).  Under the first prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Under the second prong, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If counsel's conduct was not deficient, the court need not reach the issue of prejudice. *Id.* at 697.

*Strickland* is deferential to a lawyer's trial strategy; likewise, under section 2254(d)(1), federal courts are deferential to state courts' application of *Strickland*.[2]  The question for this Court therefore is "not whether the state court was incorrect or erroneous in rejecting [the petitioner's] ineffective assistance of counsel claim, but whether it was 'objectively unreasonable' in doing so." *Sellan v. Kuhlman*, 261 F3d 303, 315 (2d Cir. 2001). So long as "'fair[-]minded jurists could disagree' on the correctness of the state court's decision," this Court must deny the habeas petition.  *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

---

[2] The standard of section 2254(d) is a steep barrier to relief—a federal court "shall not" grant a state prisoner's writ of habeas corpus petition for claims adjudicated on the merits in state court "unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### A. ALIBI DEFENSE AND WITNESSES

A lawyer's decision not to pursue a particular defense or call a particular witness to testify "is typically a question of trial strategy that reviewing courts are ill-suited to second-guess." *Greiner v. Wells*, 417 F.3d 305, 319, 323 (2d Cir. 2007) (quoting *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998) (per curiam)). Thus, "a lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision." *Id.* at 319 (citing *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996)). And a lawyer's decision "whether to call specific witnesses—even ones that might offer exculpatory evidence— is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir.2000) (quoting *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir.1997)). Ultimately, a lawyer's choice to forgo a defense or witness that "entails a 'significant potential downside,'" *Wells*, 417 F.3d at 319 (quoting *Sacco v. Cooksey*, 214 F.3d 270, 275 (2d Cir. 2000)), such as "expos[ing] a defendant to [a prosecutorial] attack[,] is surely a tactical decision that cannot be second-guessed," *see Best*, 219 F.3d at 202.

Cotton argues that his retrial counsel was ineffective when he did not raise an alibi defense or call alibi witnesses. Docket Item 17 at 3-4. He specifically contends that his alibi defense was "completely exonerating" and therefore "statistically unlikely" to have led to "self-incrimination and opening the door in cross[] examination." *Id.* at 4.

Cotton's retrial counsel, however, indeed had specific and strategic reasons for not presenting the alibi defense or witnesses. As Judge Scott correctly observed, Cotton's retrial counsel "heard [Cotton's] Grand Jury testimony," in which he could not

"name one of the alibi witnesses for the Grand Jury[,] . . . and made the strategic calculation of [forgoing] the alibi defense rather than exposing [Cotton] to cross-examination." Docket Item 14 at 12. Especially because Cotton had been convicted once before using the alibi defense, retrial counsel "provided effective assistance in choosing to forgo an alibi defense and instead to focus the defense on the issue of identification." *See Pina v. Maloney*, 565 F.3d 48, 55 (1st Cir. 2009). The Fourth Department was not objectively unreasonable in concluding that Cotton "failed to 'demonstrate the absence of strategic or other legitimate explanations'" for that decision. *See Cotton*, 120 A.D.3d at 1566, 993 N.Y.S.2d at 227. On the contrary, this Court agrees with that conclusion.

### B. EXPERT TESTIMONY

Cotton also contends that counsel was ineffective when he failed to call a ballistics-trajectory expert as a witness, arguing that a ballistics expert would have disproved the victim's claim that the shooter was "standing on the driver's door-running board, with a gun on the roof[ ] of a car." Docket Item 1-1 at 2.

"In some instances, the failure to call an expert witness may satisfy the two-pronged ineffective assistance of counsel standard." *Massaro v. United States*, 2004 WL 2251679, at *4 (S.D.N.Y. Oct.5, 2004) (quoting *United States v. Aliotta*, 1998 WL 43015, at *3 (S.D.N.Y. Feb.3, 1998)). But when "an expert would only marginally assist the jury in its role as fact finder, an attorney's decision not to call an expert is more likely to fall within the bounds of reasonable performance and less likely to prejudice the defendant." *Id.*

Counsel pursued the possibility of a ballistics expert here, but he was unable to find one who would testify favorably. *See* Docket Item 1-3 at 64-66 (letter from John R. Nuchereno, Esq., to Maurice Cotton, dated April 22, 2010). He explained to Cotton, in great detail, why that was so. *Id.* Specifically, attorney Nuchereno told Cotton that because the bullet had hit the victim's bone and fragmented, no expert could "offer an opinion within a reasonable degree of professional certainty" that the bullet was shot in a way that was inconsistent with the victim's account. *Id.* at 65-66. That effort by counsel to find an expert, and his painstakingly careful explanation of why he was unsuccessful, belies any claim of ineffectiveness.

In light of what counsel learned from the "[b]allistics individuals" with whom he spoke, *id.* at 65, there was a strategic reason not to pursue the possibility of a ballistics expert any further. And even if retrial counsel had been able to find an expert who would have testified the way Cotton wanted, there is no indication that such testimony would have done more than "marginally assist the jury," *see Massaro*, 2004 WL 2251679, at *4, especially because counsel raised the argument that Cotton wanted him to raise and challenged the discrepancy between the victim's account and the trajectory of the bullet during cross-examination and his summation, Docket Item 8 at Ex. A (Trial Tr., May 4, 2010, at 223, 235, 408). Again, the Fourth Department was not unreasonable in rejecting Cotton's claim; in fact, again, this Court agrees with the Fourth Department's assessment that Cotton has not "demonstrate[d] the absence of strategic or other legitimate explanations" for the decision of his attorney to forgo a ballistics-trajectory expert. *Cotton*, 120 A.D.3d at 1566, 993 N.Y.S.2d at 227.

## **CONCLUSION**

This Court therefore accepts in part Judge Scott's recommendation in the R&R. For the reasons stated above and in the R&R, Cotton's petition, Docket Item 1, is DENIED, and the Clerk of the Court shall close the file.

SO ORDERED.


Dated:	November 23, 2020
	Buffalo, New York


	_____
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE